# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8133 | **DATE** | January 6, 2011 |
| **CASE TITLE** | Henry Gibbs, Jr. (#2008-0073343) vs. Dr. Monsour | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $5.00 from Plaintiff's account, and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund accounts officer at the Cook County Jail. The Court appoints Andrew Neal Levine, O'Rourke & Moody, 55 W. Wacker Suite 1400, Chicago, IL 60601, (312) 849-2020, to represent Plaintiff in accordance with counsel's trial bar obligation under N.D. Ill. Local Rule 83.11(g). Within 30 days of the date of this order, counsel should enter an appearance and inform the Court if he wants to proceed with the current complaint or submit an amended complaint. The clerk shall forward a copy of this order and the complaint to counsel. Plaintiff's motion for an order to compel jail officials to provide him with x-rays and a biopsy [4] is denied without prejudice to his attorney resubmitting the motion, if necessary, after the Defendant is served.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

　　　Plaintiff Henry Gibbs, Jr. (#2008-0073343), a Cook County Jail inmate, has filed this civil rights action against Dr. Monsour, a doctor providing services to jail inmates. Plaintiff alleges that Dr. Monsour has indicated that Plaintiff has two internal growths, each attached to one of his kidneys. Plaintiff was sent to Cermak and Stroger Hospitals on two separate occasions to have x-rays and biopsies taken of the growths, but such procedures were not done because Dr. Monsour did not have Plaintiff's paperwork in order. Plaintiff contends that Dr. Monsour's actions were deliberate.

　　　Plaintiff seeks to file his complaint *in forma pauperis*. His application shows that he cannot prepay the filing fee and the Court thus grants his motion. Plaintiff is assessed an initial partial filing fee of $5.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee obligation, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

**(CONTINUED)**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　isk

| STATEMENT (continued) |
|---|

      Under 28 U.S.C. § 1915A, the Court is required to conduct a preliminary review of an inmate's complaint. Accepting Plaintiff's factual allegations discussed above as true, he has stated a colorable claim of deliberate indifference to a serious medical need against Dr. Monsour. *See Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). However, the court will not direct the clerk to issue summons the complaint on the Defendant. Given the nature of Plaintiff's claims, the Court appoints counsel for Plaintiff. The Court appoints Andrew Neal Levine, O'Rourke & Moody, 55 W. Wacker, Suite 1400, Chicago, IL 60601, (312) 849-2020, to represent Plaintiff in accordance with counsel's trial bar obligation under N.D. Ill. Local Rule 83.11(g). Within 30 days of the date of this order, counsel should enter an appearance and inform the Court whether he intends to proceed with the current complaint or file an amended complaint, if he is able to do so under Fed. R. Civ. P. 11(b).

      The Court advises that an amended complaint replaces a previously filed complaint in the same case and must stand complete on its own. The Court will refer only to the amended complaint, and not to prior complaints, to determine the claims and Defendants in this case. Therefore, the amended complaint must include all the claims Plaintiff seeks to raise, as well as all the Defendants he seeks to sue in this case.

      Plaintiff's motion for the court to compel jail officials to provide him with x-rays and a biopsy is denied without prejudice. Plaintiff's attorney may refile this motion after the Defendant has been served and an attorney has entered an appearance on the Defendant's behalf.